*Kennedy Lillis Schmidt & English*
*75 Maiden Lane*
*New York, N.Y. 10038-4816*
*Telephone: 212-430-0800*
*Facsimile: 212-430-0810*
WWW.KLSELAW.COM

Nathan T. Williams
NWILLIAMS@KLSELAW.COM
DIRECT DIAL: 212-430-0812

May 21, 2020

**By ECF**
Hon. Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:   *Falvey Cargo Underwriting Ltd*, et al.,
>        *v. ZIM Integrated Shipping Services Ltd.*, et al.
>        1:19-cv-11495-RA
>        Our File: 6302

Dear Judge Abrams,

    We represent Plaintiffs in the captioned matter and write pursuant to Your Honor's 20 April 2020 Order, Docket Entry 19.  Plaintiffs and Defendants Mega Shipping and Forwarding Ltd. ("Mega") and Meridian Line ("Meridian") respectfully request that the initial pretrial conference scheduled for 29 May 2020 be adjourned and that – barring settlement on or before 19 June 2020, that Parties be ordered to submit a joint pre-trial report and proposed scheduling order in lieu of participating in a telephonic or in-person conference.

    Plaintiffs are in active negotiations with Defendant ZIM Integrated Shipping Services Ltd. ("ZIM") to settle the matter.[1]  To do so, ZIM has requested that Plaintiff Spice Chain Corporation ("Spice Chain") obtain confirmation from the Turkish shippers and consignees named on the relevant ZIM Bills of Lading that they have no interest in the claim being asserted in this litigation such that Spice Chain and its subrogated underwriters alone own the interest in the subject claim. While Plaintiffs maintain that procuring the requested confirmation is not a legal prerequisite to resolving the claim, they are actively trying to procure the confirmations requested by ZIM.  The COVID-19 Pandemic is complicating those efforts, but Plaintiffs are confident that they will

---

[1] ZIM has declined to accept service, but as a foreign entity, service on it is not subject to the 90-day period set in Fed.R.Civ.P. 4.  Fed.R.Civ.P. 4(m).  Considering ZIM's participation in settlement negotiations, Plaintiffs do not anticipate having to conclude service on ZIM at this time.

*Kennedy Lillis Schmidt & English*

April 9, 2020

Page 2

_____

ultimately succeed.  If they do and the matter settles as anticipated, the above-named Parties will advise the Court and stipulate to the dismissal of the matter.

   In the event the matter has not settled by or before 19 June 2020, the above-named Parties propose that the Court order them to submit a joint pre-trial report and proposed scheduling order in lieu of participating in a telephonic or in-person conference.  The above-named Parties thank Your Honor for considering this proposal.

                     Respectfully,

                KENNEDY LILLIS SCHMIDT & ENGLISH

            By:   s/ Nathan T. Williams

                Nathan T. Williams

Application granted.  The initial conference scheduled for May 29, 2020 is hereby adjourned sine die.  No later than June 19, 2020, the parties shall file a joint letter updating the Court as to the status of their settlement discussions.  To the extent the parties have not settled this action by June 19th, they shall file their proposed case management plan and scheduling order no later than June 26, 2020.

SO ORDERED.

_____

Hon. Ronnie Abrams

5/22/2020