```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/10/2024
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Falvey Cargo Underwriting Ltd. et al.,**

       **Plaintiffs,**

-against-

**Zim Integrated Shipping Services Ltd. et al.,**

       **Defendants.**

**1:19-cv-11495 (LTS) (SDA)**

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

On December 14, 2023, Plaintiffs filed a motion for reconsideration of the Court's November 30, 2023 Report and Recommendation pursuant to Local Civil Rule 6.3. (*See* Mot. for Reconsideration, ECF Nos. 99 & 100.) For the reasons set forth below, Plaintiffs' motion is denied.

Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). *See Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc.*, No. 04-CV-03531 (LTS) (SLC), 2023 WL 7167880, at *1 (S.D.N.Y. Oct. 31, 2023), *objections overruled*, 2023 WL 8112804 (S.D.N.Y. Nov. 21, 2023). Because a Report and Recommendation is not a final order and is non-binding, it is not clear that it properly is subject to a motion for reconsideration. *See Marotte v. City of New York*, No. 16-CV-08953 (GHW) (OTW), 2019 WL 926103, at *1 n.1 (S.D.N.Y. Feb. 26, 2019) ("It is unclear if a motion for reconsideration is even proper under Fed. R. Civ. P. 60(b), as a report and recommendation is not a "final judgment, order, or proceeding." Fed. R. Civ. P. 60(b)."); *but see Dunn v. Deutsche Bank Nat. Tr.*, No. 15-CV-00809 (DNH) (TWD), 2015 WL 5650182, at *1 (N.D.N.Y. Sept. 24, 2015) ("the Report–Recommendation submitted by the Magistrate Judge is nonbinding and thus, not properly subject to a motion for reconsideration").

In any event, "Rule 60(b) affords extraordinary judicial relief that can be granted only upon a showing of exceptional circumstances." *Advanced* Analytics, 2023 WL 7167880, at *1 (quoting *Farrar v. Danziger*, No. 21-2324-CV, 2022 WL 5239542, at *1 (2d Cir. Oct. 6, 2022) (internal quotation marks omitted)). "The reconsideration standard 'is strict,' and reconsideration is generally only granted upon a showing of 'controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Id.* (quoting *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021)). A party seeking reconsideration of any order under Local Civil Rule 6.3 also must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *See Shallow v. Shallow-Hope*, No. 23-CV-06305 (LTS), 2023 WL 8715201, at *2 (S.D.N.Y. Dec. 15, 2023). "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Advanced* Analytics, 2023 WL 7167880, at *1 (internal quotation marks omitted).

Plaintiffs have not met the strict reconsideration standard here. Plaintiffs have not identified any "controlling decisions or data that the court overlooked," and have not shown "exceptional circumstances" to warrant the extraordinary relief they seek. Accordingly, Plaintiff's motion is denied. The Court notes that Plaintiffs also properly filed objections to the Report and Recommendation raising the same arguments, which will be addressed by Chief Judge Swain.

**SO ORDERED.**

Dated:   New York, New York
         January 10, 2024

_____
STEWART D. AARON
United States Magistrate Judge