UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

FALVEY CARGO UNDERWRITING LTD.
et al.,

                Plaintiffs,

    -v-                                                 No.   19-CV-11495-LTS-SDA

ZIM INTEGRATED SHIPPING SERVICES
LTD. et al.,

                Defendants.

-------------------------------------------------------x

<u>ORDER ADOPTING REPORT & RECOMMENDATION</u>

        Plaintiffs Falvey Cargo Underwriting, Ltd. ("Falvey Cargo") and Spice Chain Corporation ("Spice Chain") (collectively, the "Plaintiffs") move for an extension of time to complete service under Federal Rule of Civil Procedure 4(f), or alternatively, for an extension of time for service under Federal Rule of Civil Procedure 4(m).  (Docket entry no. 79.)  Defendant ZIM Integrated Shipping Services, Ltd. ("ZIM") cross-moves to dismiss Plaintiffs' complaint pursuant to Rule 4(m).  (Docket entry no. 82.)

        On November 30, 2023, Magistrate Judge Stewart D. Aaron issued a Report and Recommendation (docket entry no. 96 (the "Report")), recommending that: (1) Plaintiffs' motion be denied; (2) ZIM's cross-motion be granted; (3) Plaintiffs' claims against ZIM be dismissed without prejudice; and (4) Plaintiffs be ordered to show cause as to why this action should not be dismissed against the Defendant vessel M/V ZIM QINGDAO (the "Vessel").  (<u>Id.</u> at 1, 19.)  Plaintiffs subsequently filed a motion for reconsideration of the Report (docket entry no. 99),

which was denied (docket entry no. 106), and objections to the Report (docket entry no. 101), as reviewed below.

For the following reasons, Plaintiffs' objections are overruled, and the Report is adopted in its entirety.  A separate order to show cause will follow entry of this Order.

## BACKGROUND

The factual background and relevant procedural history are set forth in the Report. The Court adopts the factual recitation set forth in the Report and assumes familiarity with the facts stated therein.

## DISCUSSION

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (Westlaw through P.L. 118-66).  If a timely and specific objection is made, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations."  Id.; Mario v. P & C Food Mkts., 313 F.3d 758, 766 (2d Cir. 2002).  The district may adopt those portions of the report and recommendation to which no objections have been made, provided that no clear error is apparent from the face of the record.  Lewis v. Zon, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).  By the same token, to the extent that a party makes only conclusory objections, or simply reiterates a prior argument, the Court reviews strictly for clear error.  Winder v. Berryhill, 369 F. Supp. 3d 450, 454 (E.D.N.Y. 2018) (gathering cases).

The Court has carefully reviewed the parties' filings on Plaintiffs' motion for an extension of time to complete service and ZIM's cross motion to dismiss, Judge Aaron's Report addressing both motions, Plaintiffs' objections to the Report, and ZIM's response to Plaintiffs' objections. (See docket entry nos. 79-85, 96, 101, 103.) Plaintiffs raise two principal objections to the Report, asserting that: (1) the Report overstates the prejudice that ZIM would suffer should the Court grant an extension of time to effect service on ZIM; and (2) the finding that Plaintiffs' counsel misled the Court by filing over 20 "joint" letters on behalf of both Plaintiffs and ZIM, without consulting ZIM or providing ZIM with copies after the fact, was unwarranted. (See docket entry no. 101 at 1-4.)

To the extent that Plaintiffs' objections raise arguments that were previously raised before Judge Aaron and were, therefore, considered by Judge Aaron in formulating his Report, the Court finds that there is no clear error in the Report's proposed finding that Plaintiffs are not entitled to an extension of time to serve ZIM under Rule 4(m) or, assuming, arguendo, that 4(m) is inapplicable, under Rule 4(h)(2). Plaintiffs' objections have been reviewed de novo to the extent they raise specific objections to the Report. The Court finds that Judge Aaron extensively considered all relevant facts in accordance with applicable standards, including whether a discretionary extension of time under Rule 4(m) was warranted on this record. (Report at 10-12, 15-18.) After de novo review, the Court concurs with Judge Aaron's proposed findings and recommended disposition of the pending motions.

## CONCLUSION

For the foregoing reasons, the Court overrules Plaintiffs' objections, and adopts the thorough and well-reasoned Report in its entirety. ZIM's cross-motion to dismiss Plaintiffs' complaint is granted, and Plaintiffs' claims as against ZIM are dismissed without prejudice.

Plaintiffs' motion for an extension of time to effect service is denied as moot in light of this holding.

A separate order to show cause as to why this action should not be dismissed as against the Vessel will follow entry of this Order.

Docket entry nos. 79 and 82 are resolved.

    SO ORDERED.

Dated: July 11, 2024
       New York, New York

       /s/ Laura Taylor Swain
       LAURA TAYLOR SWAIN
       Chief United States District Judge