UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

FALVEY CARGO UNDERWRITING LTD.
et al.,

                            Plaintiffs,

                                                    No.    19-CV-11495-LTS-SDA

        -v-

ZIM INTEGRATED SHIPPING SERVICES
LTD. et al.,

                            Defendants.

--------------------------------------------------------x

<u>ORDER</u>

        On December 16, 2019, Plaintiffs Falvey Cargo Underwriting, Ltd. and Spice

Chain Corporation (collectively, the "Plaintiffs") filed a complaint (docket entry no. 1 ("Original

Complaint")) against Defendants ZIM Integrated Shipping Services, Ltd. ("ZIM"), M/V ZIM

QINGDAO (the "Vessel"), Mega Shipping and Forward Ltd. d/b/a Meridian Line, and Meridian

Line.  On September 8, 2023, Plaintiffs amended the Original Complaint, adding claims against

ZIM for breach of settlement agreement and promissory estoppel.  (<u>See</u> docket entry no. 73

("Amended Complaint").)

        Plaintiffs subsequently moved for an extension of time to complete service under

Federal Rule of Civil Procedure 4(f), or alternatively, for an extension of time to complete

service under Federal Rule of Civil Procedure 4(m).  (Docket entry no. 79.)  ZIM cross-moved to

dismiss Plaintiffs' complaint pursuant to Rule 4(m).  (Docket entry no. 82.)

        On November 30, 2023, Magistrate Judge Stewart D. Aaron issued a Report and

Recommendation (docket entry no. 96 (the "Report")), recommending, <u>inter alia</u>, that Plaintiffs

be ordered to show cause as to why this action should not be dismissed against the Vessel.  (<u>Id.</u>

at 19.)  Plaintiffs subsequently filed a motion for reconsideration of the Report (docket entry no. 99), which was denied (docket entry no. 106), and objections to the Report (docket entry no. 101).  After reviewing the Report pursuant to 28 U.S.C. section 636(b)(1)(C), the Court overruled Plaintiffs' objections and adopted the Report in its entirety.  (See docket entry no. 107.)

As noted in the Report, ZIM stated in its memorandum of law that:

> [W]hile the [V]essel is named in the Compliant [sic] as a Defendant, the complaint was never verified as required under the Supplemental Rules for Admiralty and Maritime Claims, Rule C(2) (a), which is a requirement to obtain in rem jurisdiction over a vessel, nor was the [V]essel ever served in spite of her repeated calls to the port of New York.

(Docket entry no. 83 ("ZIM Mem.") at 2 n.1.)  Although Plaintiffs' Original Complaint and Amended Complaint assert claims against the Vessel in rem (see Original Complaint at 1; Amended Complaint at 1), neither the Original Complaint nor the Amended Complaint was verified, and the Court's records reflected no efforts by Plaintiffs to serve the Vessel since the outset of this litigation.

In view of these deficiencies, the Court ordered that Plaintiffs show cause in writing within 30 days, as to why this action should not be dismissed against the Vessel for lack of jurisdiction due to Plaintiffs' failure to comply with Rule C(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, or pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to effect timely service.  (Docket entry no. 109 ("Order to Show Cause") at 2.)  The Order to Show Cause was entered on July 11, 2024.  (Id.)

As of the date of this Order, Plaintiffs have not filed a response to the Court's Order to Show Cause or sought an extension to respond, and the time within which to do so has expired.  This action is accordingly dismissed as against the Vessel for failure to comply with

Rule C(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, see, e.g., Madeja v. Olympic Packers, 310 F.3d 628, 637 (9th Cir. 2002); Gulf Union Ins. Co. v. M/V Lacerta, No. 91-CV-2814-PKL, 1992 WL 51532, at *4 (S.D.N.Y. Mar. 9, 1992) ("In the absence of a verified complaint or arrest of the vessel, in rem jurisdiction over the [defendant vessel] does not exist[.]"), and failure to effect timely service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

SO ORDERED.

Dated: New York, New York
      August 16, 2024

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge